United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 12, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 03-20431
Summary Calendar

———————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RENOJ COX-CRUZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CR-542-1
--------------------

Before JOLLY, WIENER, and DENNIS, CIRCUIT JUDGES.

PER CURIAM:[*]

Defendant-Appellant Renoj Cox-Cruz appeals from the sentence

imposed following his guilty-plea conviction for possession with

intent to distribute one kilogram or more of heroin in violation of

21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(A)(i). Cox-Cruz

argues that the district court committed error when it sentenced

him to 120-months' imprisonment after denying his motion for a

———————————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

downward departure based on the low purity level of the heroin involved in his case and his offense role.

The district court's denial of Cox-Cruz's motion was not based on the merits of his arguments regarding the downward departure, but rather on the district court's lack of authority to sentence Cox-Cruz below the 120-month minimum sentence set forth in 21 U.S.C. § 841(b)(1)(A). In Cox-Cruz's case, the government did not file a motion for downward departure indicating that Cox-Cruz had provided substantial assistance. The district court therefore had no authority to grant a downward departure below the statutory minimum. See 18 U.S.C. § 3553(e); see also United States v. Alvarez, 51 F.3d 36, 39 (5th Cir. 1995). Additionally, because Cox-Cruz had more than one criminal history point, he was ineligible for relief under 18 U.S.C. § 3553(f)(1), set forth in U.S.S.G. § 5C1.2(a)(1), which provides for a limitation on applicability of the statutory minimum in specified situations. The district court therefore did not commit error when it determined that it lacked authority to sentence Cox-Cruz below the statutory minimum sentence set forth in 21 U.S.C. § 841(b)(1)(A)(i).

The judgment of the district court is

AFFIRMED.